OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Kenneth Wills appeals his conviction and sentence on one count of carrying a concealed weapon, in violation of R.C. 2923.12(A), entered by the Licking County Court of Common Pleas, following a bench trial.[1]
Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 2} On July 26, 2002, the Licking County Grand Jury indicted appellant on one count of carrying a concealed weapon, in violation of R.C. 2923.12(A), a felony of the fourth degree; and one count of criminal damaging, in violation of R.C.2909.06(A)(1). Appellant entered a plea of not guilty to the indictment at his arraignment on August 5, 2002. On November 1, 2002, appellant waived his right to a trial by jury. The trial court scheduled the matter for trial on November 27, 2002.
{¶ 3} Prior to trial, appellant entered a plea of no contest on count two of the indictment, to which the trial court found appellant guilty. The bench trial proceeded solely on count one of the indictment, carrying a concealed weapon.
{¶ 4} Sgt. Robert William of the Columbus Police Department testified he supervised appellant for approximately five years when appellant worked at the 7th Precinct. Sgt. William's supervision of appellant ended in early October, 2001, after appellant was relieved of duty and assigned to the patrol administrative office. The sergeant explained when an officer is relieved of duty, his gun and badge are seized and the officer no longer has his police powers. Appellant had been relieved from duty pending an internal investigation for an allegation of domestic violence. Sgt. Williams acknowledged he did not tell appellant he could not carry his personal weapon. The sergeant noted appellant was required by police directives to abide by local, state, and federal laws.
{¶ 5} Sgt. Gary Mathis of the Columbus Police Department testified he is assigned to the Internal Affairs Bureau. Sgt. Mathis stated appellant is the focus of an internal investigation by the bureau. The sergeant explained, on the Sunday prior to July 20, 2002, he, Sgt. Mike Gray, and Sgt. Denise Ruthit began a surveillance of appellant. On July 20, 2002, the officers conducted a stakeout at the residence of Stephen Ghiloni in St. Louisville, Ohio. The decision to conduct a stakeout occurred after the Columbus Police received a complaint from Ghiloni regarding a series of incidents in which paint and other debris were thrown onto the entrance of his driveway. Ghiloni believed appellant to be the responsible individual. At approximately 11:00 p.m. on July 20, 2002, Sgt. Mathis and the other officers, observed appellant's vehicle approach Ghiloni's property, and witnessed appellant smash a large glass jar, which contained paint, nails, an Allen wrench, and screws, on the driveway. Thereafter, appellant drove away.
{¶ 6} The officers returned to their vehicle and proceeded after appellant. The officers were in an unmarked vehicles, with no emergency lights or sirens. Sgt. Mathis flashed the high beams and honked the horn in an effort to get appellant to stop. The officers followed appellant for approximately one hour. Sgt. Mathis established contact with the Licking County Sheriff's Department and advised them of the situation. Ultimately, a Newark police officer effectuated the stop of appellant's vehicle.
{¶ 7} Sgt. Mathis and the others exited their vehicle and spoke with Sheriff's Deputy Brenton. Sgt. Mathis approached appellant and asked him if he had a weapon in the vehicle. Appellant initially ignored the question, but ultimately responded affirmatively. Upon searching the vehicle, the officers retrieved a .45 caliber semi-automatic pistol, a pistol clip, rounds of ammunition, and a couple of knives. The gun was loaded and the round was chambered.
{¶ 8} Appellant testified on his own behalf. Appellant admitted to throwing the jar of paint and nails on Ghiloni's driveway. Appellant gave his account of being followed and the ultimate stop. With respect to carrying an off-duty weapon, appellant explained some of the dangers and threats he had encountered during his eleven years on the police force. Appellant testified he carried this personal firearm to defend himself and his family if a situation should arise. On cross-examination, appellant agreed he was not engaged in legal activity at the time of the possession of the gun on July 20, 2002. Appellant argued he was not in personal possession of the weapon at the time as it was under a floor covering in the back of the vehicle. Appellant acknowledged the personal weapon, which he was required to register with the City of Columbus, was not properly registered on July 20, 2002.
{¶ 9} After hearing all the evidence and deliberations, the trial court found appellant guilty of carrying a concealed weapon. The trial court sentenced appellant to a period of three years of community control sanctions.
{¶ 10} It is from this conviction and sentence appellant appeals, raising the following assignment of error:
{¶ 11} "I. Trial court committed harmful error in convicting the defendant-appellant of the offense charged in the indictment."
 I
{¶ 12} In his sole assignment of error, appellant raises a manifest weight of the evidence claim. Specifically, appellant asserts the evidence presented at trial established his affirmative defense.
{¶ 13} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment." State v. Thompkins, 78 Ohio St.3d 380,387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967),10 Ohio St.2d 230, syllabus 1.
{¶ 14} R.C. 2923.12 provides, in pertinent part:
{¶ 15} "(B) This section does not apply to officers, agents, or employees of this or any other state or the United States, or to law enforcement officers, authorized to carry concealed weapons or dangerous ordinance, and acting within the scope of their duties.
{¶ 16} "(C) It is an affirmative defense to a charge under this section of carrying or having control of a weapon other than dangerous ordnance, that the actor was not otherwise prohibited by law from having the weapon, and that any of the following apply:
* * *
{¶ 17} "(2) The weapon was carried or kept ready at hand by the actor for defensive purposes, while the actor was engaged in a lawful activity and had reasonable cause to fear a criminal attack upon the actor or a member of the actor's family, or upon the actor's home, such as would justify a prudent person in going armed."
{¶ 18} Appellant claims the evidence presented established that his employment as a police officer gave him reasonable cause to fear a criminal attack. Appellant further claims he was not engaged in criminal activity at the time of the alleged offense. We find the evidence belies appellant's latter assertion. At trial, appellant admitted to the offense of criminal damaging. Appellant never left the vehicle during the commission of that offense and the subsequent pursuit by the officers of the Internal Affairs Bureau. We find this to be ongoing conduct of criminal activity. Accordingly, we find the trial court's finding appellant did not establish an affirmative defense is not against the manifest weight of the evidence.
{¶ 19} Appellant's sole assignment of error is overruled.
{¶ 20} The judgment of the Licking County Court of Common Pleas is affirmed.
Judgment affirmed.
Gwin, P.J., and Wise, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] Appellant was also convicted of criminal damaging, in violation of R.C. 2909.06(A)(1), however, appellant is not appealing that conviction.